**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____ :
                                :
JAMIE K. HAYES,                 :
                                :
            Plaintiff,          :        Civil No. 06-5551 (RMB)
                                :
        v.                      :
                                :
MARK HIGGINBOTTOM, et al.,      :        **O P I N I O N**
                                :
            Defendants.         :
_____ :

**APPEARANCES:**

> JAMIE K. HAYES, Plaintiff pro se
> #37214
> Cape May County Correctional Center
> Millvile, New Jersey 08223

**Renée Marie Bumb, District Judge**

THIS MATTER has come before the Court upon Plaintiff's filing
of a complaint, pursuant to 42 U.S.C. § 1983, and submission of
Plaintiff's application to proceed in forma pauperis.   In his
Complaint, Plaintiff asserts as follows:

> Agent Mark Higginbottom violated [the] Guidelines for .
> . . . conducting a live line-up identification . . . .
> Officer Romeo's report . . . . deliberate[ly]
> suppress[ed] exculpatory evidence.

Compl. at 6.   As a relief, Plaintiff seeks "dismissal of all
charges and any additional [remedies] for . . . [Plaintiff] to
decide."   Id. at 7.

1

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to

2

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).   Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## <u>DISCUSSION</u>

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." <u>Gibson v. Superintendent of N.J. Dept. of Law and Public Safety</u>, 411 F.3d 427, 433 (3d Cir. 2005); <u>see also</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's indictment or conviction in the underlying criminal case deprived him of liberty in violation of due process of law (since it is not entirely clear to this Court whether Plaintiff has been convicted on the challenged charges).

In the event Plaintiff has been only charged with--rather than convicted on--the challenged offenses, Plaintiff's application is barred by the abstention doctrine. The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent

4

extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. See id.

The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three Younger criteria are met in the case at hand. First, Plaintiff's claim concerns the separate pending criminal case. Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his charges and pre-trial incarceration, the proceeding clearly implicates important state interests. Third, the criminal trial forum affords Plaintiff an adequate opportunity to raise his constitutional issues, such as his key claims about suppression of exculpatory evidence and

5

misidentification during the line-up process.[1] Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54. These exceptions are to be narrowly construed. See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Plaintiff has not asserted any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine. Moreover, Plaintiff has requested injunctive relief that would clearly interfere with the pending state court criminal proceeding. Dismissal of such a claim for relief is plainly warranted.

---

[1]

Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings. Thus, this Court may assume that the criminal procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

Furthermore, if Plaintiff seeks to recover monetary relief in the form of compensatory and punitive damages, the Court of Appeals for the Third Circuit has recognized that claims for damages which would imply the invalidity of a conviction on pending criminal charges are not cognizable.  See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996).  As the Holtz Court made clear:

> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences.  The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction through the vehicle of a civil suit."  . . .  We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.  A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871.  If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

Holtz, 87 F.3d at 113 (emphasis removed).

Moreover, the Court in Guerro v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974), also squarely addressed the issue of abstention where there exists an ongoing state criminal proceeding, stating:

> In any event, whatever cost to the litigant may be involved, there is an overriding cost that is avoided. Damage to the smooth operation of the administration of criminal justice, injury to the proper workings of a federal system, and undermining of congressional concern with the functioning of the writ of habeas corpus-all are

harms which are prevented by the requirement that a civil rights damage action be deferred.

It would be indeed an improper interference with the pending state criminal court proceeding if this Court were to award Plaintiff damages based upon his claim of constitutional rights violations. The adjudication of Plaintiff's constitutional claims in this instant civil right action would require this Court to rule upon issues relevant to the disposition of Plaintiff's criminal charges, thereby impermissibly interfering in the pending criminal proceeding. As explained in <u>Clark v. Zimmerman</u>, 394 F.Supp. 1166, 1174 (M.D. Pa. 1975):

> To allow state criminal defendants to litigate their constitutional claims in civil rights suits for money damages before completion of the state criminal process would invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process. Such suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption.

Accordingly, Plaintiff's claims with respect to the grounds for his indictment should be dismissed without prejudice.

Alternatively--in the event Plaintiff has been already convicted on the challenged charges--the exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration

of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks declaratory and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).[2] Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him. See Muhammad v. Close, 540 U.S. 749, 751 (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state

---

[2]

The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Plaintiff's challenge to the outcome of the underlying criminal proceedings is not cognizable under § 1983 and should be dismissed.

<u>**CONCLUSION**</u>

The Court grants Plaintiff's application to file the Complaint <u>in forma pauperis</u> and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**


Dated: January 3, 2007

10